# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE CENTER FOR TOXICOLOGY AND ENVIRONMENTAL HEALTH, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BIO-LAB, INC.,<br><br>    Defendant, | Civil Action File No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES AND ATTORNEYS' FEES

Plaintiff The Center for Toxicology and Environmental Health, LLC, ("CTEH"), hereby files this Complaint for Damages against Bio-Lab, Inc. ("Bio-Lab") for breach of contract and attorneys' fees. Plaintiff states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. CTEH is an Arkansas LLC, and its principal office is located at 5120 North Shore Drive, North Little Rock, Arkansas 72118.

2. Bio-Lab is a Delaware corporation, registered in Georgia as a Foreign Profit Corporation. Bio-Lab's physical address in Georgia is located at 289 S. Culver St., Lawrenceville, GA 30046, and its registered agent is CT Corporation System.

1

3. This Court has jurisdiction over the subject matter and the parties in this case pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy exceeds $75,000.

4. Per the contract at issue in this suit, "[t]he parties agree that any and all court proceedings arising out of, relating to, or referencing this agreement shall be brought in, and only in, courts of Georgia. The parties further consent to the jurisdiction and venue of the courts of Georgia and waive any objection to the jurisdiction and venue thereof." Master Services Agreement § 14.A (attached hereto as Exhibit A). This forum-selection language was drafted by Bio-Lab, which is based in Georgia. *See Omh Healthedge Holdings, Inc. v. Medac, Inc.*, No. 1:18-CV-01286-CAP, 2018 U.S. Dist. LEXIS 233903, at *10 (N.D. Ga. June 4, 2018)

5. This Court has personal jurisdiction over Defendant as it transacts business within the State and owns, uses, or possesses real property situated within this state. *See* O.C.G.A. § 9-10-91 (1), (4).

6. Venue is proper and most appropriate in this Court pursuant to O.C.G.A. § 1391(b)(1) because the Defendant resides in this District and Division. Moreover, as noted above, Parties have consented to the jurisdiction of Georgia courts, pursuant to a valid and binding forum selection clause. *See id.*

## STATEMENT OF FACTS

### The Contract

7.      CTEH helps companies, governments, and communities prepare for, respond to, and recover from threats to their environment and people. It applies state-of-the-art science and technology, and conclusive data to resolve complex health, safety, environmental, toxicological, and management challenges.

8.      On September 8, 2020, CTEH entered into a Master Services Agreement with Bio-Lab, Inc., agreeing to perform emergency response services related to a fire and chlorine leak that occurred at one of Bio-Lab's facilities in Lake Charles, Louisiana. The agreement was post-dated to include services rendered from August 27, 2020. *See* Exhibit A, p. 1.

9.      Specifically, Bio-Lab retained CTEH to "to perform industrial hygiene, emergency response, and other environmental and consulting services." *Id.* § 2.

10.     The agreement acknowledged that CTEH had provided services already in response to Bio-Lab's request and that Bio-Lab was "responsible for the payment of all CTEH, LLC's fees for work performed . . . and for any other services requested by Bio-Lab or by Counsel on behalf of Bio-Lab." *Id.* at 1.

11. As compensation for services rendered by CTEH, Bio-Lab agreed to pay CTEH "on the basis of time and materials in accordance with the attached schedule of fees incorporated herein by reference." *Id.* § 3.A.

12. All statements were required to "indicate the number of hours worked, date worked, work performed, and such additional information as . . . . reasonably request[ed]." *Id.* § 3.B.

13. Compensation was to be paid to CTEH by Bio-Lab within 30 days following submission of each statement. *Id.* § 3.C.

14. Services not paid within 30 days of calendar receipt by CTEH are overdue and "subject to an interest charge at a rate of one and one-half percent (1-1/2%) per month on the overdue balance or, if less, the maximum charge permitted by applicable law." *Id.* § 3.C.

15. The agreement also contemplated that either party could terminate the contract with 7 days' notice, and that CTEH could suspend performance of services at any time by written notice to Bio-Lab. *See id.* § 6, 7.

16. As noted above, the Parties "agree that any and all court proceedings arising out of, relating to, or referencing this agreement shall be brought in, and only in, courts of Georgia. The parties further consent to the jurisdiction and venue of the courts of Georgia and waive any objection to the jurisdiction and venue thereof."

*Id.* § 14.A.  Moreover, the agreement provides that it shall be enforced "in accordance with the laws of the state of Georgia." *Id.* § 18.8.

17.  Furthermore, the agreement states that in the event of "litigation between the parties to this Agreement, all reasonable attorneys' fees, and other costs to protect or enforce the prevailing party's rights shall be paid or reimbursed by the other party." *Id.* § 15.

## Performance

18.  In compliance with the terms of the contract, CTEH performed environmental and consulting services at Bio-Lab's facilities in Lake Charles, Louisiana.

19.  On September 17, 2020, CTEH sent Bio-Lab an invoice for services rendered from August 27, 2020 to September 5, 2020. The services charged in the invoice totaled $860,517.56.  The invoice detailed the number of hours worked, the date worked, and the work performed. Furthermore, it included a voluminous accounting with relevant receipts for services rendered and expenses incurred. *See* Invoice #322592 from September 17, 2020 (attached hereto as "Exhibit B").

20.  On October 14, 2020, CTEH sent Bio-Lab an invoice for services rendered from September 1, 2020 to October 2, 2020. The services charged in the invoice totaled $411,222.40.  The invoice detailed the number of hours worked, the

date worked, and the work performed. This invoice also included a voluminous accounting with relevant receipts. *See* Invoice #322659 from October 14, 2020 (attached hereto as "Exhibit C").

21. On November 13, 2020, CTEH sent Bio-Lab an invoice for services rendered from October 5, 2020 to October 29, 2020. The services charged in the invoice totaled $39,312.65. The invoice detailed the number of hours worked, the date worked, and the work performed. *See* Invoice #323411 from November 13, 2020 (attached hereto as "Exhibit D").

22. Without adding interest, the total amount for these charges was $1,311,152.61.

## The Breach

23. CTEH contacted Bio-Lab repeatedly regarding these charges but Bio-Lab failed pay for the services provided by CTEH.

24. Specifically, Senior Corporate Counsel for CTEH, Kyla Farler, emailed Bio-Lab on December 10, 2020, and again on December 18, 2020, stating that the balances were due and needed to be paid immediately. Bio-Lab did not reply. *See* Bio-Lab Unpaid Invoices Emails (attached hereto as "Exhibit E")

25. On February 22, 2021, the undersigned counsel wrote Bio-Lab a demand letter, reminding it of its obligations to pay its indebtedness to CTEH. *See* Demand Letter (attached hereto as "Exhibit F").

26. In that letter, counsel reminded Bio-Lab that the debt was accruing interest, pursuant to the terms of the contract, at a rate of 1.5% per month. *See id.*

27. In the letter, counsel further reminded Bio-Lab that, pursuant to Section 15 of the agreement, it would be obligated to pay attorney's fees, pursuant to O.C.G.A. § 13-1-11, if it failed to pay the principal and interest in full within 10 calendar days from receipt of the letter. *See id.*

28. The February 22 letter reminded Bio-Lab that CTEH had previously contacted Bio-Lab repeatedly in the past regarding the unpaid indebtedness and Bio-Lab had not paid any portion of the Invoices. *See id.* At the date of the filing of this Complaint, Bio-Lab still has not repaid any of its indebtedness to CTEH.

## Count I
## Breach of Contract

29. CTEH incorporates by reference the allegations set forth in Paragraph 1 through 28 of the Complaint above, as if restated verbatim herein.

30.     CTEH and Bio-Lab entered into a contract whereby CTEH promised to provide services related to a fire and chlorine leak that occurred at one of Bio-Lab's facilities in Lake Charles, Louisiana in exchange for compensation.

31.     CTEH provided the services promised under the contract, in full compliance with the terms of the contract, and subsequently invoiced at total of $1,311,052.61 to Bio-Lab for its services.

32.     Bio-Lab breached its agreement with CTEH by failing to pay amounts owed per the invoices when and as due.

33.     In addition to owing CTEH the full amount invoiced for services rendered, Bio-Lab also owes CTEH 1.5% interest monthly for every month that passes in which the full balance is unpaid. *See also* O.C.G.A. § 7-4-16.

34.     At the time of this Complaint's filing, that total amount invoiced plus interest equals $1,397,808.26.

35.     The first invoice, for $860,617.56, was sent on September 17, 2020. After 30 days passed and the invoice was unpaid, the charges began accruing interest at a rate of 1.5% monthly, as set forth in the contract, Daily, this amounts to $424.41. As 142 days have elapsed since full payment was due, $60,266.81 has accrued in interest charges on this invoice to date.

36. The second invoice, for $411,222.40, was sent on October 7, 2020. After 30 days passed and the invoice was unpaid, the charges began accruing interest at a rate of 1.5% monthly, as set forth in the contract. Daily, this amounts to $202.79. As 120 days have elapsed since full payment was due, $24,740.94 has accrued in interest charges on this invoice to date.

37. The third invoice, for $39,312.65, was sent on November 13, 2020. After 30 days passed and the invoice was unpaid, the charges began accruing interest at a rate of 1.5% monthly, as set forth in the contract. Daily, this amounts to $19.39. As 85 days have elapsed since full payment was due, $1,647.90 has accrued in interest charges on this invoice to date.

38. As a proximate result of the Bio-Lab's breach of contract, CTEH has been damaged in an amount to be determined at law but in any event not less $1,397,808.26, plus interest accruing at the contract rate after the date of this Complaint, plus CTEH's attorneys' fees as provided for in the contract.

## Count II
## Expenses of Litigation

39. CTEH incorporates by reference the allegations set forth in Paragraph 1 through 28 of the Complaint above, as if restated verbatim herein.

40. In a letter dated February 22, 2021, CTEH provided notice to Bio-Lab that it was required to pay its indebtedness to CTEH for services rendered. *See* Exhibit F.

41. In the February 22, 2021 written demand letter, CTEH informed Bio-Lab, that in accordance with O.C.G.A. § 13-1-11, it had 10 days from receipt of the notice to pay the outstanding indebtedness in full, including principal and interest, in order to avoid having to subsequently pay attorneys' fees pursuant to said statute. *See Third Century v. Morgan*, 187 Ga. App. 718, 721, 371 S.E.2d 262, 264-65 (1988).

42. Bio-Lab has not paid the outstanding amounts as of the date of this Complaint.

43. The February 22 letter also reminded Bio-Lab that paragraph 15 of its contract requires all reasonable attorneys' fees and other costs to enforce the prevailing party's rights are to be paid or reimbursed by the other party.

44. Bio-Lab has breached its contractual obligation to CTEH, and pursuant to the terms of the written contract, CTEH is entitled to payment for any attorneys' fees expended to protect its contractual rights.

45.     O.C.G.A. § 13-6-11 further authorizes a plaintiff to collect costs and attorneys' fees "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

46.     Bio-Lab's refusal to respond to or pay any of the outstanding amounts owed, despite repeated demands, has been in bad faith, has caused CTEH unnecessary trouble and expense, and Bio-Lab has been stubbornly litigious in refusing to pay discuss or pay such amounts.

47.     CTEH is entitled to recover its attorneys' fees and costs of this action under the express terms of its contract, O.C.G.A. § 13-1-11 and O.C.G.A. § 13-6-11, and CTEH asks the Court to enter judgment in its favor for such amounts.

## REQUEST FOR RELIEF

WHEREFORE, CTEH requests judgment as follows:

a.     An award of monetary damages in an amount to be shown at trial, not less than the full amount invoiced for CTEH's performance of its contractual duty, plus 1.5% monthly interest as contemplated by Georgia law and the contract, which amount is $1,397,808.26 as of the date of this Complaint;

b.  An award of attorneys' fees, costs, and expenses against Defendant pursuant to O.C.G.A. §§ 13-1-11, 13-6-11, and the provisions of the contract between CTEH and Bio-Lab; and

c.  Such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of March, 2021.

|  |  |
|---|---|
| TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle, Suite 200<br>Atlanta, Georgia  30339<br>770-434-6868 Telephone<br>770-434-7376 Facsimile<br>01984589 | /s/ R. Wayne Bond<br>R. Wayne Bond<br>Georgia Bar No. 066759<br>wbond@taylorenglish.com<br>James Ruley<br>Georgia Bar No. 461473<br>jruley@taylorenglish.com<br>*Counsel for Plaintiff* |